UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

DANTE LIZALDE,

             Defendant.

------------------------------------------------------------------X

97-CR-649 (ARR)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

ORDER

ROSS, United States District Judge:

On August 28, 2015, this court entered an order denying defendant's motion for sentence reduction. Order, Dkt. #288. Defendant subsequently filed, pro se, a notice of appeal of that order, which was dated September 21, 2015 and filed September 29, 2015. After filing a notice of appeal, defendant filed, pro se, two motions in this court: (1) a motion to proceed in forma pauperis, Dkt. #291; and (2) a motion for reconsideration, Dkt. #292. The latter asks this court to reconsider its order of August 28, 2015 denying defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3553(c)(2).

First, this court denies as unnecessary defendant's motion to proceed in forma pauperis. A criminal defendant does not need permission to proceed in forma pauperis when filing a motion for reconsideration directed to the district court.

Second, this court finds that it lacks jurisdiction to decide defendant's motion for reconsideration. Defendant filed a notice of appeal to the Second Circuit Court of Appeals before he filed this motion for reconsideration. "As a general matter, '[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" United

1

States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). There is an exception to that rule allowing the district court to correct or amend a sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure even after a notice of appeal has been filed. See Fed. R. App. P. 4(b)(5). However, plaintiff's motion for reconsideration does not fall within Rule 35, which permits correcting a sentence within fourteen days for clear error or reducing a sentence for substantial assistance to the government. Accordingly, that exception does not allow the district court to retain jurisdiction for purposes of deciding defendant's motion.

The defendant does not assert, and the court cannot locate, any other basis for retaining jurisdiction over defendant's motion. Defendant labels his motion for reconsideration as one under Rule 60 of the Federal Rules of Civil Procedure. See Mot. for Recons., Dkt. #292, at 1. That rule is inapplicable to criminal proceedings such as this one. Rule 60 does not have a clear analog in the Federal Rules of Criminal Procedure, yet "motions for reconsideration in criminal cases have traditionally been allowed within the Second Circuit." United States v. Yannotti, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006) (citing United States v. Clark, 984 F.2d 31, 33 (2d Cir. 1993)). They are construed as motions under Rule 6.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 6.3") and held to the standards found in that rule. Id. However, even if Rule 6.3 provides a basis for this motion for reconsideration, it does not provide a basis for jurisdiction in this court after defendant filed his notice of appeal challenging the same order for which defendant seeks reconsideration.

Accordingly, this court hereby rules that it lacks jurisdiction to decide defendant's motion for reconsideration.

SO ORDERED.

_____
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
October 29, 2015